IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRIAD ELECTRIC & CONTROLS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3: 05-CV-0734-B |
| | § | |
| FIREMAN'S FUND INSURANCE COMPANY, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Before the Court is the Motion of the Defendant, Fireman's Fund Insurance Company ("FFIC") to Dismiss the claims of the Plaintiff, Triad Electric & Controls, Inc., ("Triad") pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim for which relief may be granted, filed August 23, 2004. For the reasons explained below, the Court GRANTS FFIC's Motion to Dismiss.

### I. Factual and Procedural Background[1]

This lawsuit arises out of a business transaction that took place in order to build a cement plant in Midlothian, Texas (the "Texas Project"). (Complaint at ¶ 4; Motion to Dismiss at 2).[2] Holnam Texas Limited Partnership ("Holnam") entered into a written contract (the "Prime Contract") with Watkins Engineers & Constructors, Inc. ("Watkins,") to act as the general

---

[1] The background facts are derived from Plaintiffs' Complaint and on facts gleaned from the parties' court papers. Where there may be a dispute over a stated fact the Court has so indicated by claiming the fact as one stated by that party to be true.

[2] The Court notes that the contract at issue is cited to repeatedly in the Plaintiffs's complaint, and therefore does not find that examining the contract language itself constitutes consideration of documents outside of the pleadings.

1

contractor in constructing the Texas Project. (*Id.*). Under the Texas Property Code, Holnam, as the owner of the Texas Project, was required to withhold 10% of the contract price, otherwise known as "statutory retainage," as security for the benefit of third party beneficiaries. (TEX. PROP. CODE ANN. § 53.01; Response at 1-2). Holnam subsequently released Watkins' retainage in exchange for a surety bond (the "Bond") provided by Watkins with Holnam as the beneficiary. (Response at 1-2; Motion at 1-2). FFIC is the surety company that issued the Bond. (Complaint ¶ 25). Triad's claims against FFIC all relate to this Bond. *See generally,* (Complaint; FFIC Motion at 2, Exhibit A).

Watkins then subcontracted the work to the Plaintiff, Triad in September 1998. (the "Subcontract). (Complaint at ¶ 8; Motion at 2). Triad was "to furnish labor and materials in connection with electrical work for the Project." (Response at 1). According to Triad, the Subcontract requires Watkins to pay Triad for "strict performance of the subcontract work." (Complaint ¶ 9). Triad claims that the Bond between Watkins and Holnam was issued "to protect subcontractors, vendors, laborers, etc. performing work on the contract against loss on account of Holnam's failure to retain 10% retainage," (Complaint at ¶ 14) and that Triad is a necessary third-party beneficiary who may recover under the Bond (Complaint ¶ 17). FFIC, however, maintains that Holnam is the only party responsible to pay Triad any alleged money owed and that Holnam is the sole beneficiary of the Bond. *See generally*, (Motion; Exhibit A).

Upon culmination of Texas Project, Triad alleges that it sought payment in the amount of $959,051.00 from Watkins, but Watkins refused. (Response at 2). Triad then filed a mechanic's lien on the property pursuant to Texas law, and allegedly then discovered that Holnam had not withheld the retainage. (*Id.*). Triad then notified Holnam and FFIC of its claims. (*Id.* at 2). Triad filed the instant lawsuit against FFIC in the United States District Court for the Middle District of Louisiana on July 13, 2004. (Complaint at 1). On August 23, 2004, FFIC (formerly Watkins) filed

its motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim. The case was transferred to this Court on February 24, 2005. (Order of Transfer). FFIC's motion to dismiss, presently before the Court is discussed below.

## II. Analysis

### A. Motion to Dismiss.

#### 1. Standard for Dismissal Under Rule 12(b)(6).

Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The Court liberally construes the complaint in the plaintiff's favor, and all pleaded facts are taken as true. *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986). Unless it appears beyond doubt that the plaintiff cannot prove any set of facts entitling it to relief, the complaint should not be dismissed. *Conley v. Gibson*, 355 U.S. 42, 45 (1957).

#### 2. Standard for Dismissal Under Rule 12(b)(1).

A court must dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1) where it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir.1998). Where, as here, a motion attacks subject matter jurisdiction based on the face of the complaint, the plaintiff is afforded safeguards similar to those enjoyed when a complaint is challenged under Rule 12(b)(6) for failure to state a claim--the Court must consider the complaint's allegations as true. *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir.1981). In reviewing a facial attack, the Court may consider, in a light most favorable to the plaintiff, the allegations of the complaint and documents referenced therein, as well as matters of public record such as court records. *Gould Elec. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir.2000); *Falzett v. Pocono Mountain Sch. Dist.*, 150 F. Supp.2d 699, 701 (M. D. Pa. 2001).

### 3. Choice of Law.

Although the Bond does not contain a choice of law clause, the parties apparently agree that Texas law governs the dispute at issue. FFIC addresses the why Texas law should apply in this diversity case in its motion, and Triad appears to have acquiesced in the application of Texas in its reliance on the Texas Property Code. Triad is a Louisiana corporation, and FFIC is a California corporation. (Complaint at 1).

A party has "an obligation to call the applicability of another state's law to the court's attention in time to be properly considered." *Kucel v. Walter E. Heller & Co.*, 813 F.2d 67, 74 (5th Cir.1987). Nevertheless, a court may determine the choice-of-law issue on its own motion where manifest justice would otherwise result. *Am. Int'l Trading Corp. v. Petroleos Mexicanos*, 835 F.2d 536, 540 (5th Cir.1987). Manifest injustice exists only in extreme circumstances, however, and requires more than a mere showing that the application of another state's law would produce a different result. *Id.*

The Court finds that the application of Texas law to this case would not be manifestly unjust. In making the choice-of-law determination, a federal court sitting in diversity applies the choice-of-law rules of the forum state. *Mayo v. Hartford Life Ins. Co.*, 354 F.3d 400, 403 (5th Cir.2004). Absent a valid choice-of-law agreement, Texas courts apply the "most significant relationship" test of the Restatement (Second) of Conflict of Laws. *Mayo*, 354 F.3d at 403. In basic contract cases, the most significant relationship test is applied through the lens of section 188 of the Restatement. *Perez v. Alcoa Fuijkura, Ltd.*, 969 F.Supp. 991, 1003 (W.D.Tex.1997); RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 188 (1971).[3][4]

---

[3] In cases involving personal service contracts, Texas courts have applied section 196 of the

(continued...)

The presumption set forth in section 196, however, is not conclusive. *Perez*, 969 F.Supp. at 1003 ("If an analysis of the relevant contacts shows that another state has a more significant relationship to the claim, then that state's laws should be applied."). Here, applying the factors listed in section 188(2) of the Restatement, it is clear that Texas law should be applied. It is undisputed that the work was performed in Texas, that the Prime Contract is governed by Texas law; and that the Subcontract is governed by Texas law. Given these contacts with the state of Texas, the Court finds that application of Texas law is not manifestly unjust.

### 4. Triad Cannot State a Claim on the Bond.

FFIC first moves to dismiss Triad's claims against it for failure to state a claim pursuant to Rule 12(b)(6), averring that Triad's "claims depend entirely on the contention that it is a third party beneficiary under the Bond," and that this contention fails as a matter of law. (Motion at 5). Under Texas law, surety contracts, such as the Bond, are strictly construed regarding liability of the surety. In *Standard Accident Ins. Co. v. Knox*, 184 S.W.2d 612 (Tex. 1944), the Texas Supreme Court stated that "[a] person not a party to a contract may sue thereon for himself if it appears that it was made for his benefit, but the presumption is that parties contract for themselves alone; and a contract will not be construed as having been made for the benefit of a third party, unless it clearly appears that such was the intention of the contracting parties." *Id.* (citing *Citizens Nat'l Bank v. Texas & P. Ry.*

---

³(...continued)
Restatement. *Maxus Exploration Co. v. Moran Bros., Inc.*, 817 S.W.2d 50, 53 (Tex.1991). That section provides that contracts for the rendition of services are enforced under the laws of the state where the services, or a major portion of the services, are rendered. Id .; RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 196 (1971).

⁴ Section 188(2) lists the following factors that should be considered: (1) the place of contracting; (2) the place of negotiation of the contract; (3) the place of performance; (4) the location of the subject matter of the contract; and (5) the domicile, residence, nationality, place of incorporation and place of business of the parties. RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 188(2) (1971).

*Co.*, 136 Tex. 333, 150 S.W.2d 1003) (citations omitted). Moreover, the Court noted that "a contract of suretyship will be strictly construed so as to impose on the surety only such burdens or obligations as clearly come within the terms of the contract, and such contract will not be extended by implication or presumption." *See also Houston Fire & Caves. Ins. Co. v. E. E. Closer Gen. Contractor*, 217 F.2d 906, 908 (5th Cir. 1954) ("We think it unimportant to determine whether there was any inconsistency in the court's comments here as to what was meant by the surety bond; it simply stood responsible for the performance of the contract between Latimer and Cloer" (the two parties to the contract)).

A plaintiff cannot recover as a third-party beneficiary under Texas law unless (1) the parties entering into the contract intended it to benefit the plaintiff, and (2) the parties entered into the contract specifically for the benefit of the plaintiff. *Seine v. Steward*, 80 S.W.3d 586, 589 (Tex. 2002). Under the clear terms of the Bond, it was issued solely to protect the owner, Holnam, from any liability arising from the release of retainage to Watkins. (Bond). Thus, Holnam is the sole beneficiary under the bond. *See Harrison Walker & Harper, L.P. v. Federated Mutual Ins. Co.*, 2004 WL 726813, at *2 (April 1, 2004 Tex. App.– Fort Worth, no writ) (holding that the express terms of the bond made the owner a beneficiary, but not the general contractor).

Triad has failed to cite any authority for its proposition that "it is well-recognized that laborers and material men are beneficiaries" of surety bonds naming only the owner as obligee (Response at 1-2), but instead relies on citation to Chapter 53 of the Texas Property Code. Section 53.101 states as follows:

> (a) During the progress of work under an original contract for which a mechanic's lien may be claimed and for 30 days after the work is completed, the owner shall retain:
>
> (1) 10 percent of the contract price of the work to the owner; or

      (2)      10 percent of the value of the work, measured by the proportion that the work done bears to the work to be done, using the contract price or, if there is no contract price, using the reasonable value of the completed work.

*Id.*

Triad next cites Texas Property Code section 53.202, which states the requirements of *statutory payment bonds*. However, Triad admits that "the Bond furnished by FFIC in this matter does not qualify as a statutory payment bond." (Response at 7). Moreover, Triad does not attempt to distinguish any of the authority cited by FFIC, and the authority Triad is generally not relevant. *See generally,* (Response). Triad instead makes a lengthy equitable argument attempting to create third-party status for itself under the Bond. *See generally,* (*Id.*; Complaint). The Court does not find Triad's argument persuasive. *See generally,* (Response). Triad may indeed have a claim against Holnam for money allegedly owed, a question not presently before the court, but the Plaintiff is not, as a matter of law, a third-party beneficiary to the retainage bond between Holnam and Watkins.

The Court thus finds, for the reasons discussed, that Triad is not a third-party beneficiary under the Bond, and therefore fails to state a claim for relief. Likewise, because the Court has found that Triad does not have third-party beneficiary status under the contract at issue, the Bond, Triad lacks standing, and its claims likewise fail for lack of subject matter jurisdiction. The Court therefore GRANTS the motion of FFIC for Dismissal and DISMISSES Triad's claims against it with prejudice.

### III. Conclusion

For the reasons set forth in this order, it is ORDERED that FFIC's Motion to Dismiss Triad's claims against it is GRANTED and this case is DISMISSED with prejudice.

SO ORDERED.

    SIGNED October 14th, 2005

                                          _____
                                          JANE J. BOYLE
                                          UNITED STATES DISTRICT JUDGE